UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JEANNE S. BURGESS, | § | Cv. No. 5:14-CV-00495-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| DEUTSCHE BANK NATIONAL | § | |
| TRUST COMPANY, AS TRUSTEE | § | |
| FOR THE NEW CENTURY HOME | § | |
| EQUITY LOAN TRUST, SERIES | § | |
| 2004-A, | § | |
| | § | |
| Defendants. | § | |

ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS;
(2) DENYING MOTION FOR LEAVE TO FILE SUPPLEMENTAL
COMPLAINT

On October 2, 2014, the Court heard oral argument on a Rule 12(b)(6)

Motion to Dismiss Plaintiff's Complaint filed by Defendants Bank of America,

N.A. ("BOA") and Deutsche Bank National Trust Company, as Trustee for the

New Century Home Equity Loan Trust, Series 2004-A ("Deutsche Bank")

(collectively, "Defendants") (Dkt. # 7), and an untimely Motion for Leave to File a

Supplemental Complaint filed by Plaintiff Jeanne S. Burgess ("Plaintiff")

(Dkt. #15).   Lynda S. Ladymon, Esq., appeared on behalf of Plaintiff, and Carlos

Uresti, Esq., appeared on behalf of Defendants.  After careful consideration of the

memoranda in support of and in opposition to the motions, and in light of the

1

parties' arguments at the hearing, the Court, for the reasons that follow, **GRANTS** Defendants' Motion to Dismiss and **DENIES** Plaintiff's Motion for Leave to File a Supplemental Complaint.

BACKGROUND

On June 17, 2004, New Century Mortgage Corporation ("New Century") executed a home equity loan on 3142 Hidden Haven St., San Antonio, Texas 78261 (the "Property"), loaning Plaintiff an extension of credit in exchange for a promise to pay $206,400.00 (the "Note").  (Dkt. # 7, Ex. 1; "Orig. Pet.," Dkt. # 1, Ex. 1 ¶ 9.)  The Note identified New Century Mortgage as Lender (Dkt. # 7, Ex. 1) and was secured by a Security Instrument executed by Plaintiff ("Deed of Trust"), granting the Trustee power of sale in the Property.

Around March of 2007, Plaintiff suffered a "financial setback" and requested loan assistance from BOA.  (Orig. Pet. ¶ 10.)  Plaintiff asserts that BOA instructed her that she could not make any payments during the loan process and, although she reapplied numerous times, BOA never sent her an approval or denial letter regarding the loan modification.  (Id. ¶ 12.)  Plaintiff alleges that at some point, despite "BOA's assurances to the contrary, BOA proceeded on foreclosing on Plaintiff'[s] house."  Id.

On October 27, 2008, Plaintiff filed suit in the 37th Judicial Court of Bexar County, Texas.  On December 17, 2009, the court entered a Final Judgment,

2

finding that Defendants had vested and quieted title to the Property, and allowing

Defendants to proceed with foreclosure.

On January 7, 2014, pursuant to the final judgment, Deutsche Bank

sold the Property at auction.

On April 18, 2014, Plaintiff filed her Original Petition in the 288th

Judicial District Court of Bexar County, Texas, asserting causes of actions for

breach of contract, anticipatory breach of contract, violations of the Federal Fair

Debt Collection Practices Act ("FDCPA"), violations of § 12 of the Texas Civil

Practice and Remedies Code, violations of the Texas Property Code, negligence

per se, gross negligence per se, unjust enrichment, wrongful foreclosure, wrongful

eviction, trespass to real property, and a request for declaratory judgment.  (See

Orig. Pet.)  Defendants removed the action to this Court on May 30, 2014.  (Dkt. #

12.)

On June 6, 2014, Defendants filed a Motion to Dismiss (Dkt. # 7) to

which Plaintiff did not respond.  On September 10, 2014, Plaintiff filed a Motion

to Leave to File a Supplemental Complaint (Dkt. # 15), and Defendants filed a

Response (Dkt. # 16).

On September 29, 2014, three days prior to the scheduled hearing,

Plaintiff filed a Motion for Leave to File a Response to Defendants' Motion to

Dismiss.  (Dkt. # 18.)  The Court denied the Motion, concluding that Plaintiff had

not demonstrated a legitimate reason for the egregiously late filing justifying the harm to Defendants.

On October 1, 2014, Plaintiff filed a Motion to Reconsider the Court's denial of her Motion for Leave to File a Response.  (Dkt. # 20.)  In the Motion, she argues that she discovered a February 28, 2014 "Correction Deed" in the real property records on Thursday, September 25, 2014.  According to Plaintiff, the original warranty deed on the Property describes the Property as "beginning 248.76 feet from the southwest corner."  (Dkt. # 18-1 at 4.)  However, the Deed of Trust, the state court Final Judgment, and the notice of foreclosure describe the Property as "beginning 2348.76 feet from the southwest corner."  (Id.)  Plaintiff asserts that because a valid property description is an essential element of a security instrument, Defendants did not have a valid Deed of Trust and thus were not entitled to foreclose.  Moreover, Plaintiff asserts that the state court Final Judgment is likewise invalid because it did not have the correct property description.

In light of Plaintiff's new arguments, the Court postponed the October 3 hearing and ordered Defendants to file a supplemental memorandum specifically addressing the points raised regarding the validity of the property description and the "corrected deed."  (Dkt. # 22.)

On October 8, 2014, Defendants filed a supplemental memorandum in support of their Motion to Dismiss.  (Dkt. # 23.)

4

## RULE 12(B)(6) STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Review is limited to the contents of the complaint and matters properly subject to judicial notice.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).  In analyzing a motion to dismiss for failure to state a claim, "[t]he court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  United States ex rel. Vavra v. Kellogg Brown & Root, Inc., 727 F.3d 343, 346 (5th Cir. 2013) (quoting In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss.  See Twombly, 550 U.S. 544, 555–56 (2007).  In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action.  See id. at 556–57.  "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (internal quotations and citations omitted). Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); see also Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."). When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558 (citation omitted).

ANALYSIS

I.      Motion to Dismiss

In their Motion to Dismiss, Defendants argue: (1) Plaintiff's claims are barred by res judicata; (2) Plaintiff's claims are barred by collateral estoppel; (3) Plaintiff lacks standing to challenge the assignment, to assert any claims based on a lack of signing authority, or to challenge any assignment on the basis that it violates the pooling and servicing agreement; (4) Plaintiff's challenge to Deutsche Bank's authority to foreclose fails as a matter of law; (5) Plaintiff cannot state a claim for breach of contract or anticipatory breach of contract; (6) Plaintiff's claims under the FDCPA fail as a matter of law; (7) Plaintiff cannot state a claim

6

for violations of the Texas Civil Practice and Remedies Code; (8) Plaintiff cannot

state a claim for negligence per se or gross negligence per se; (9) Plaintiff fails to

state a claim for Money Had and Received; (10) Plaintiff fails to state a claim for

Wrongful Foreclosure; (11) Plaintiff fails to state a claim for Trespass to Real

Property; and (12) Plaintiff's requests for a declaratory judgment, unjust

enrichment, a void deed, injunctive relief, damages and attorney's fees fail because

Plaintiff cannot succeed on any of her underlying claims.  (See Dkt. # 7.)

      A.    Res Judicata

      Defendants first argue that res judicata bars all of Plaintiff's claims.

(Dkt. # 7 at 12.)  Defendants assert that the 2009 Final Judgment (id., Ex. 4) in

which the state court granted final judgment against Plaintiff and in favor of

Defendants, granting Defendants all "right, title, interest and possession in and of

the Property" and the right to foreclose, bars Plaintiff's current claims.  (Id. at 13.)

Specifically, Defendants assert that "Plaintiff's claims against [BOA] for (1)

breach of contract; (2) violation of the TDCA; (3) wrongful foreclosure; (4)

negligence; and (5) violation of Texas Property Code, Chapter 51 have already

been litigated, decided and dismissed."  (Id.)

      Res judicata, or claim preclusion, bars the litigation of claims that

either have or should have been raised in an earlier suit.  Test Masters Educational

Servs., Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005).  Federal courts give a

7

Texas state court judgment "the preclusive effect it would have been given under Texas law." E.E.O.C. v. Jefferson Dental Clinics, PA, 478 F.3d 690, 694 (5th Cir. 2007).  Under Texas law, a party seeking to have an action dismissed on the basis of res judicata must establish: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) an identity of the parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." Id. (quoting Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996)).   "[T]he judgment in the first suit precludes a second action by the parties and their privies not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit." Id. (quoting Barr v. Resolution Trust Corp., 837 S.W.2d 627, 630 (Tex. 1992).

First, the prior state court final judgment is certainly a judgment on the merits by a court of competent jurisdiction.  See Jefferson Dental Clinics, 478 F.3d at 699.

Second, although the parties to the original suit were Deutsche Bank National Trust Company for the Benefit of the Certificate Holders of New Century Home Equity Loan Trust, Series 2004-A Asset-Backed Pass-Through Certificates Series 2004 and Countrywide Home Loans, Inc. ("Countrywide"), Defendants assert that the interests of Countrywide and BOA (a now-named defendant) are

8

aligned as they both serviced the loan.  (Dkt. # 7 at 13.)  Defendants assert that Plaintiff "has merely substituted [BOA] for Countrywide Home Loans in the instant action."  (Id. n.6.)

   "Privity is a 'legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion.'"  Ernest v. CitiMortgage, Inc., No. SA:13-CV-802-DAE, 2014 WL 294544, at *3 (W.D. Tex. Jan. 22, 2014) (quoting Meza v. Gen. Battery Corp., 908 F.2d 1262, 1266–67 (5th Cir. 1990)).  Privity may be found in three situations: "(1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit."  Meza, 908 F.2d at 1266–67.

   Deutsche Bank is the same Defendant as in the Original Petition. Defendants assert that Countrywide was the servicer of Plaintiff's Loan for Deutsche Bank and BOA is now the loan servicer.  BOA and Countrywide's interests are sufficiently aligned as they both serviced the same loan at issue. Thus, they are in privity.

   To determine whether a prior and later lawsuit involve the same cause of action, both Texas courts and courts within the Fifth Circuit use the "transactional test."  Test Masters, 428 F.3d at 571; see Getty Oil Co. Ins. Co. of

N. Am., 845 S.W.2d 794, 798 (5th Cir. 1992). "Under the transactional test, a

prior judgment's preclusive effect extends to all rights of the plaintiff with respect

to all or any part of the transaction, or series of connected transactions, out of

which the original action arose." Test Masters, 428 F.3d at 571.

      The Court was not provided with a copy of the petition Plaintiff filed

in the 37th Judicial Court in October 2008. However, Defendants have attached a

copy of the Final Judgment entered in the action. In the Final Judgment, the state

court notes the lawsuit was filed by Plaintiff "to stop foreclosure proceedings."

(Dkt. # 7, Ex. 4.) The court granted summary judgment in favor of Defendants,

concluding "Defendants filed a Motion for Summary Judgment producing all

evidence necessary to prove their claim of foreclosure and sale of the Property."

(Id.) The court ordered that Defendants had "all right, title, interest and possession

in and of the Property," and were "entitled to an order to proceed with foreclosure

of the secured Property . . . ." (Id.) Further, the Final Judgment states:

> IT IS FURTHER ORDERED that these proceedings have given the
> Plaintiff proper notice of the Defendants' demand to cure default,
> notice of intent to accelerate and acceleration, as well as federal and
> Texas Fair Debt Collection Practices notices, that in the event of a
> public sale by Defendant in accordance with the provisions of Tex.
> Prop. Code § 51.002, the only notice to be given the Plaintiff shall be
> the notice of public sale posted in accordance with Tex. Prop. Code
> § 51.002(b)(1) and (2);

(Id. at 4.)

      In her second Original Petition (which is operative here), Plaintiff

complains of the actions of BOA beginning in 2007.  (Orig. Pet. ¶ 11.)  Plaintiff also alleges problems with Deutsche Bank's chain of title.  (Id. ¶ 15.)  She asserts claims that the Note was not properly transferred into the 2004-A Trust, and thus a "valid chain of title does not exist, and [Deutsche Bank], as Trustee of the 2004-A Trust, in not the mortgagee."  (Id. ¶ 20.)  Generally, Plaintiff asserts that "[Deutsche Bank] cannot prove a legal and valid chain of title . . . ."  (Id. ¶ 21.)

The Court concludes that all of Plaintiff's claims based upon actions occurring prior to the entry of Final Judgment in the previous case are barred by res judiciata.  Specifically, all of Plaintiff's claims regarding (1) Deutsche Bank's standing to foreclose, (2) the validity of Deutsche Bank's chain of tile, including claims regarding the improper securitization of the mortgage into the 2004-A Trust, (3) the validity of the 2007 Assignment from New Century Mortgage to Deutsche bank, (4) all of Plaintiff's claims for violations of the Property Code related to the validity of the assignment, (5) Plaintiff's claims against BOA and Deutsche Bank for violations of the Texas Civil Practices and Remedies Code for presenting allegedly false or fraudulent documents for filing in 2004, and (6) Plaintiff's claims for negligence per se and gross negligence per se against BOA and Deutsche Bank claims based upon alleged violations of the Texas Civil Practices and Remedies Code in 2007, are all barred.  Even if these particular claims were not raised, they could have been raised in the prior litigation, which

Plaintiff filed in 2008.

However, the Court concludes that those claims asserted against BOA and Deutsche Bank for actions occurring <u>after</u> the final judgment and prior to the ultimate foreclosure sale are not barred by res judicata, specifically: (1) Plaintiff's breach of contract and anticipatory breach of contract claims asserted against BOA for actions occurring after the 2009 final judgment; (2) the FDCPA claims against BOA; (3) the wrongful foreclosure claim against BOA; and (4) the claim for trespass to real property against BOA.

      B.     <u>Plaintiff's claims fail as a matter of law</u>

Next, Defendants assert that even assuming Plaintiff's claims are not barred by res judicata, her claims are barred as a matter of law and are premised on theories that have been rejected by the Fifth Circuit.  (Dkt. # 7 at 15.)  The Court will address the merits of each of Plaintiff's claims.

      1.     <u>Plaintiff lacks standing to challenge the assignment</u>

Even assuming Plaintiff's claims challenging the assignment are not barred by res judicata, Plaintiff lacks standing to challenge them.  "[U]nder Texas law, facially valid assignments cannot be challenged for want of authority except by the defrauded assignor."  <u>Reinagel v. Deutsche Bank Nat. Trust Co.</u>, 735 F.3d 220, 228 (5th Cir. 2013).  "Moreover, even assuming that [Plaintiff] [is a] third-party beneficiar[y] [to the assignment], the fact that the assignments violated the

PSA–a separate contract—would not render the assignments void . . . ."  Id.

"Courts in this circuit have repeatedly held that borrowers do not have standing to challenge the assignments of their mortgages because they are not parties to those assignments."  Metcalf v. Deutsche Bank Nat'l Trust Co., No. 3:11-CV-3014-D, 2012 WL 2399369, at *5 (N.D. Tex. Jun. 26, 2012).

Further, at the hearing Plaintiff conceded that Fifth Circuit law holds that she does not have standing to challenge the assignment.  The Court concludes Plaintiff lacks standing to challenge the alleged invalid assignments and her claims asserting as much as dismissed.

2.    Plaintiff lacks standing to assert any claims based on a lack of
        signing authority

Plaintiff's claims predicated on Micall Bachman's authority to sign the assignment also fail as a matter of law.  Plaintiff asserts that the 2007 assignment of Plaintiff's note to Deutsche Bank is invalid because, although Michall Bachman signed it as "Vice President of [New Century Mortgage]" at the time the assignment was executed, she was actually a "Sr. Vice President of BOA."  (Orig. Pet. ¶ 25.)

Again, "under Texas law, facially valid assignments cannot be challenged for want of authority except by the defrauded assignor."    Reinagel v. Deutsche Bank Nat. Trust Co., 735 F.3d 220, 228 (5th Cir. 2013).  At the hearing, Plaintiff acknowledged that she does not have standing to challenge the

13

assignments under Fifth Circuit law.   Thus, Plaintiff's claims predicated on Micall Bachman's authority to sign the assignment fail as a matter of law and are dismissed.

3.   <u>Plaintiff lacks standing to challenge any assignment on the basis it violates the pooling and servicing agreement</u>

Plaintiff's claims predicated on an alleged fraudulent assignment due to its execution outside of the pooling and servicing agreement ("PSA") also fail as a matter of law.  Even assuming the assignment was executed after the closing date of the PSA, Plaintiff lacks standing to challenge it.  <u>See</u> <u>Reinagle</u>, 735 F.3d at 228. "[B]orrowers, as non-parties to the PSA, 'have no right to enforce its terms unless they are its intended third-party beneficiaries.'"  <u>Farkas v. GMAC Mortg., L.L.C.</u>, 737 F.3d 338, 342 (5th Cir. 2013) (quoting <u>Reinagle</u>, 735 F.3d at 228)).  At the hearing, Plaintiff conceded she lacks standing to challenge any assignment on the basis that it violated the PSA; accordingly, her claims asserting as much are dismissed.

4.   <u>Plaintiff's claim that Deutsche Bank lacks standing to foreclose fails as a matter of law</u>

Plaintiff argues in her Response that Deutsche Bank lacks standing to foreclose because (1) it does not have valid title due to multiple "fraudulent" assignments and (2) the note and mortgage were not properly transferred into the trust pursuant to the PSA.  (Orig. Pet. ¶ 44.)  However, as discussed above, claims

predicated on these alleged facts of "fraudulent assignments" and improper transfers that violate the PSA have been roundly rejected by the Fifth Circuit and, moreover, plaintiff has conceded that those claims fail.

As to Plaintiff's arguments lodged in her Proposed Response regarding an alleged "corrected deed" and its effect on the validity of Defendant's ability to foreclose, those arguments also fail as a matter of law.  In her Proposed Response, Plaintiff asserts that security instrument is void because it conveyed nothing since it conveyed land Plaintiff did not own.  (Dkt. # 18, Ex. 1.) Specifically, Plaintiff argues that the original deed of trust and the original substitute trustee's deed provided an incorrect legal description of the Property, stating "beginning 2348.76 feet from the southwest corner" when it should have been "248.76 feet from the southwest corner;" thus, Plaintiff alleges the error in the security instrument means that Defendants did not have a valid security instrument and therefore had no right to foreclose.

However, Defendant executed and filed a "corrected deed" on February 28, 2014, recording a corrected substitute trustee's deed and correcting the error in the legal description of the Property.   "[A] correction deed may be used to correct a defective description of a single property when a deed recites inaccurate meets and bounds."  Myrad Props., Inc. v. LaSalle Bank Nat. Ass'n, 300 S.W.3d 746, 750 (Tex. 2009) (citing Doty v. Barnard, 47 S.W.2d 712, 713 (1898)).

15

A correction deed relates back to and becomes effective as of the time of the instrument it purports to correct. Id. (citing Wilson v. Dearing, Inc., 415 S.W.2d 475, 479 (Tex. App. 1967)).  Thus, the corrected deed purporting to correct the inaccurate recitation of metes and bounds in the original deed of trust and substitute trustee's deed was valid and relates back to when the originals were recorded.

At the hearing, Plaintiff argued that the "corrected deed" could not correct the original deed of trust because it was not valid due to a forged notary. However, the Court concludes that even assuming the Plaintiff's argument that the alleged forged notary invalidated the deed of trust, that claim is barred by res judicata.  Plaintiff brought suit in state court in 2008, challenging the Defendants' right to foreclose.  On December 17, 2009, the court entered a Final Judgment, finding that Defendants had vested and quieted title to the Property, and allowing Defendants to proceed with foreclosure.  The deed of trust that she complains of here, signed in 2004, was the same deed of trust she challenged in the prior state court proceedings.  Any claim she had with regards to a forged notary were either raised or could have been raised in the prior litigation; thus, they are barred by res judicata and she may not now assert those claims here.

Accordingly, Plaintiff's arguments regarding the "corrected deed" and its effect on validity of Defendant's ability to foreclose fail as a matter of law.

C.    Failure to State a Claim

As to Plaintiff's remaining claims, Defendants argue that she has failed to state a claim for (1) breach of contract, (2) anticipatory breach of contract, (3) violations of the FDCPA, (4) violations of Chapter 12 of the Texas Civil Practices and Remedies Code, (5) negligence per se and gross negligence per se, (6) money had and received, (7) wrongful foreclosure, (8) trespass, and (9) declaratory judgment.

1.    Breach of Contract

Plaintiff asserts that BOA breached three contracts: (1) the Deed of Trust; (2) the implied covenant of good faith and fair dealing; and (3) oral promises of loan modification.  (Orig. Pet. at 13–19.)

First, Plaintiff asserts that BOA breached the Deed of Trust because it violated Texas Property Code § 51.002 by failing to provide her with the right to cure and reinstate her note.  (Id. ¶ 50.)  Section 51.002 provides that the mortgage servicer of the debt shall serve a debtor in default under a deed of trust with written notice that the debtor is in default and give the debtor at least 20 days to cure the default before notice of sale can be given.  Tex. Prop. Code § 51.002(d).

To state a claim for breach of contract under Texas law, a plaintiff must allege "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." American General Life Ins. Co. v. Kirsch, 378 Fed. App'x  379, 383 (5th Cir.2010).

In Mann v. Bank of New York Mellon, 4:12-CV-2618, 2013 WL 5231482 (S.D. Tex. Sept. 16, 2013), defendants argued that plaintiff's breach of contract claim predicated on the bank's failure to provide an opportunity to cure was subject to dismissal on the basis that a party to a contract who is in default cannot maintain a suit for breach of contract. Id. at *3–4.  The plaintiffs, in response, admitted that they were in default, but argued that defendants were required by the terms of the deed of trust to give them an opportunity to cure the default. Id. at * 3.  The court concluded that plaintiffs failed to state a viable claim for breach of contract because plaintiff admitted they were given the opportunity to seek a loan modification as a way to cure the default. Id. at *4.

Here, likewise, Plaintiff admits that she undertook loan modification discussions with BOA and was approved for a trial period plan.  (Orig. Pet. at 14.) However, when she was "later denied a permanent modification, . . . BOA did not give Plaintiff another opportunity to re-apply for a modification using Plaintiff's current financial information."  (Id.)  Here, as in Mann, Plaintiff's own allegations

18

defeat a breach of contract claim based on BOA's alleged failure to provide her with an opportunity to cure.

Next, Plaintiff contends that BOA had an implied duty of good faith and fair dealing with regard to its obligations under the Note and BOA breached this duty by "deliberately accelerat[ing] the note."  (Orig. Pet. ¶ 53.)

The Texas Supreme Court has declined to read an implied duty of good faith and fair dealing in to every contract, English v. Fischer, 660 S.W.2d 521, 522; rather, such a duty arises only as a result of a "special relationship" between parties governed by a contract.  Arnold v. Nat'l Cnty. Mut. Fire Ins. Co., 725 S.W.2d 165, 167 (Tex. 1987).  This "special relationship" does not extend to "ordinary commercial contractual relationships."  Central Sav. & Loan Ass'n v. Stemmons N.W. Bank, N.A., 848 S.W.2d 232, 239 (Tex. App. 1992).  Texas courts have held that the "special relationship" necessary to create a common-law duty to act in good faith does not apply to the relationship of a mortgagor-mortgagee, creditor-guarantor, or lender-borrower.  Cole v. Hall, 864 S.W.2d 563, 568 (Tex. App. 1993); see Milton v. U.S. Bank Nat.'l Ass'n, 508 F. App'x 326, 329 (5th Cir. 2013).  Accordingly, Plaintiff's claims for breach of contract based on an implied duty of good faith and fair dealing fail in the Note as a matter of law.

Finally, Plaintiff asserts that BOA breached alleged oral promises regarding Plaintiff's loan modification.  Plaintiff asserts that BOA told Plaintiff it

19

would not foreclose and to disregard any notices because Plaintiff's loan
modification was under review.  (Orig. Pet. ¶ 55.)  She asserts:

> Plaintiff spoke to BOA who told Plaintiff that she qualified for a loan
> modification but that she had to send in financial information.
> Plaintiff relied on BOA's representations and promises, as described
> above to her detriment.  Plaintiff's reliance on BOA's promises
> constituted a unilateral contract which was breached by BOA when
> she posted Plaintiff's property for foreclosure sale.

(Id. ¶ 50.)  Defendants argue that her claim is meritless and barred by the statute of
frauds.  (Dkt. # 7 at 20.)  Specifically, Defendants argue that an agreement to avoid
foreclosure or to modify a mortgage loan exceeding $50,000 is subject to the Texas
statute of frauds and must be in writing to be enforceable.   (Id.)

Indeed, an agreement to delay foreclosure is subject to the Texas
statute of frauds, and, accordingly, must be in writing to be enforceable.  Milton v.
U.S. Bank Nat'l Ass'n, 508 F. App'x 326, 328– 329 (5th Cir. 2013) (citing Tex.
Bus. & Com. Code § 26.02(a), (b)).   In Milton v. U.S. Bank Nat'l Ass'n, 508 F.
App'x 326 (5th Cir. 2013), the plaintiff argued that a loan servicer was liable for
breach of contract based on alleged oral representations that plaintiff's home would
not be foreclosed on until plaintiff's loan modification application had been
processed.  Id. at 328–329.  The district court held, and the Fifth Circuit agreed,
that because there was no written agreement to delay foreclosure, plaintiff's breach
of contract claim was barred by the statute of frauds.  Id. at 329 (citing Bank of
Tex., N.A. v. Gaubert, 286 S.W.3d 546, 556 (Tex. App. 2009)).

Likewise, here, Plaintiff's breach of contract claims based on alleged promises to delay foreclosure pending loan modification are barred by the statute of frauds and fail as a matter of law.

### 2.   Anticipatory Breach of Contract

Next, Defendants argue that Plaintiff cannot state a claim for anticipatory breach of contract.  (Dkt. # 20.)  From what the Court could glean from her Original Petition, Plaintiff asserts a claim for anticipatory breach of contract based on her argument that she and BOA entered into a contract to modify her loan.  She argues that BOA's alleged "representations and promises," and Plaintiff's subsequent reliance upon them, created a "unilateral contract" that was breached by BOA when the Property was posted for foreclosure sale.  (Orig. Pet. ¶ 50.)

To state a claim for anticipatory breach of contract under Texas law, a plaintiff must allege: "(1) an absolute repudiation of the obligation; (2) a lack of a just excuse for the repudiation; and (3) damage to the non-repudiating party." Gonzalez v. Denning, 394 F.3d 388, 394 (5th Cir. 2004).  "An 'anticipatory breach' of a contract is one committed before the time when there is a present duty of performance and results from words or conduct indicating an intention to refuse performance in the future."  Id.  "The declaration of intent to abandon the obligation must be in positive and unconditional terms."  Swim v. Bank of Am.,

N.A., No. 3:11-CV-1240-M, 2012 WL 170758, at *4 (N.D. Tex. Jan. 20, 2012).

In <u>Swim</u>, the court dismissed an anticipatory breach of contract claim based upon a defendant-bank's alleged promise to approve a loan modification and subsequent foreclosing.  <u>Id.</u> at *4–5.  The court concluded: "Even when viewed in the light most favorable to Plaintiffs, the facts about a possible loan modification demonstrate that, at worst, Defendants gave conflicting messages to Plaintiff. Those inconsistencies fall short of the positive and unconditional repudiation that is necessary to support a claim of anticipatory breach."  <u>Id.</u> at *5.  Likewise, here, even assuming Plaintiff's allegations regarding BOA's possible loan modification, the facts alleged fall short of the "positive and unconditional repudiation" that is required to establish a claim for anticipatory breach of contract.  Accordingly, Plaintiff has failed to state a claim for anticipatory breach of contract

### 3.    FDCPA

Next, Defendants argue that Plaintiff has failed to state a claim for violations of the FDCPA.  (Dkt. # 7 at 24.)  Specifically, Defendants argue that BOA is not a "debt collector" within the meaning of the statute.

The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserts to be owed

or due another.   15 U.S.C. § 1692a (6).  "The activity of foreclosing on a property

pursuant to a deed of trust is not the collection of debt within the meaning of the

FDCPA." Bittinger v. Wells Fargo Bank NA, 744 F. Supp. 2d 619, 626 (S.D. Tex.

2010) (quoting Williams v. Countrywide Home Loans, Inc., 504 F. Supp. 2d 176

(S.D. Tex. 2007)).  A loan servicer cannot be liable under the FDCPA as long as

the debt was not in default at the time it was assigned.  Id.; see Omrazeti v. Aurora

Bank FSB, No. SA:12-CV-00730-DAE, 2013 WL 3242520, at *17 (W.D. Tex.

June 25, 2013).

        Because BOA, a loan servicer that has serviced Plaintiff's loan since

its origination in 2004 (Dkt. # 7 at 25 n.7), does not meet the definition of a "debt

collector" under the FDCPA, Plaintiff's claim against BOA fails as a matter of law

and that claim is dismissed.[1]

        4.      Violations of Chapter 12 of the Texas Civil Practices and
                Remedies Code

        Next, Defendants argue that Plaintiff's claim that Defendants have

violated Chapter 12 of the Texas Civil Practices and Remedies Code also fails as a

matter of law.  (Dkt. # 7 at 25.)

_____

[1] Although Plaintiff asserts in her Proposed Response that she was in default at the
time the loan was assigned and therefore Defendant was acting as a debt collector,
she sets forth no facts to support this nor does she cite any authority to back up her
conclusory assertion.  Plaintiff must plead "specific facts, not mere conclusory
allegations." Tuchman, 14 F.3d at 1067.

The elements of a fraudulent-lien claim under Chapter 12 of the civil practice and remedies code are (1) the defendant made, presented, or used a document with knowledge that it was a fraudulent lien, (2) the defendant intended that the document be given legal effect, and (3) the defendant intended to cause plaintiff physical injury, financial injury, or mental anguish.  Merritt v. Davis, 331 S.W.3d 857, 860 (Tex. App. 2011).

Defendants argue that Plaintiff (1) fails to identify the challenged instrument that purports to create a lien claim against real property and (2) fails to proffer any facts to indicate that either Defendant made, presented, or used the allegedly fraudulent, unidentified instrument.

In her original petition, Plaintiffs asserts:

> Defendants made, presented, or used a document or other record with intent to cause Plaintiffs to suffer financial injury, mental anguish, or emotional distress.
>
> Defendants' conduct and actions violated Tex. Civ. Prac. & Rem. Code § 12.002 on or after June 1, 2004, for which Plaintiff seeks judgment against Defendants, jointly or severally, equal to the greater amount of $ 10,000 per violation, or actual damages caused by each violation, together with attorneys' fees, court costs, and exemplary damages in an amount determined by the Court.

(Orig Pet. ¶¶ 61–62.)

The Court agrees with Defendants.  In providing grounds for relief, a plaintiff must do more than recite the formulaic elements of a cause of action.  See Twombly, 550 U.S. at 556–57.  Here, Plaintiff has not identified what document, if

24

any, is considered a "fraudulent lien" for purposes of § 12.002.  Moreover, Plaintiff

has not alleged any facts whatsoever indicating that Defendants made, presented,

or used any allegedly fraudulent, unidentified instrument or that Defendants

intended to cause plaintiff physical injury, financial injury, or mental anguish.

Plaintiff has done nothing more than recite the elements of a claim for a violation

of § 12.002, and thus has not met the Rule 8 pleading standards.  These claims are

dismissed. [2]

> 5.    Negligence per se and gross negligence per se

Defendants next argue that Plaintiff's claims for negligence per se and

gross negligence per se are barred by the economic loss rule.  (Dkt. # 7 at 28.)

Alternatively, Defendants argue that Plaintiff has not alleged any facts

demonstrating a special relationship between the parties giving rise to a legal duty.

(Id.)

Even assuming the economic loss rule does not apply, Plaintiff has

failed to state a claim for negligence per se or gross negligence per se based upon a

violation of § 12.002.  Negligence per se exists where courts have determined that

the violation of a particular statute is negligence as a matter of law.  Allison v. J.P.

---

[2] To the extent Plaintiff argues that the Defendants' filing of a "correction deed"
seeking to correct the description of the Property in the security instrument was a
violation of Chapter 12, that argument fails as a matter of law because "[a]
correction deed may be used to correct a defective description of a single property
when a deed recites inaccurate meets and bounds."  Myrad Props., 300 S.W.3d at
750.

Morgan Chase Bank, N.A., 1:11-CV-342, 2012 WL 4633177, *13 (E.D. Tex. Oct.

2, 2012) (citing Parrot v. Garcia, 436 S.W.2d 897, 900 (Tex.1969)). "In these

situations, the standard of care is defined by the statute itself rather than by the

reasonably prudent person standard that applies in general negligence actions." Id.

   Here, Plaintiff alleges that Defendants are liable for negligence per se

based on violations of § 12.002 of the Texas Civil Practice and Remedies Code and

§ 192.007 of the Texas Government Code.  (Orig. Pet. ¶ 66.)  As to § 12.002, the

Court has already concluded the Plaintiffs have failed to allege a cause of action

for a violation of that statute; thus, there can no negligence per se.  As to

§ 192.007, Plaintiff has failed to cite any authority that a mere violation of that

statute[3] constitutes negligence per se allege.  See Allison, 2012 WL 4633177, *14

("Here, the Allisons assert that the defendants are liable for negligence per se.

However, the pleading does not factually allege the violation of a specific statute,

---

[3] Section 192.007 is entitled "Records of Releases and Other Actions" and
provides:

 (a) To release, transfer, assign, or take another action relating to an instrument
  that is filed, registered, or recorded in the office of the county clerk, a person
  must file, register, or record, another instrument relating to the action in the
  same manner as the original instrument was required to be filed, registered,
  or recorded.

 (b) An entry, including a marginal entry, may not be made on a previously made
  record or index to indicate the new action.

Tex. Gov't Code § 192.007.

much less state how courts have determined that statute to establish negligence per se.")

Accordingly, Plaintiff has failed to state a cause of action for negligence per se, much less gross negligence per se, which requires a plaintiff to establish that "from the defendant's standpoint at the time of the event, the act or omission involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others." U-Haul Intern., Inc. v. Waldrip, 380 S.W.3d 118, 137 (Tex. 2012). Plaintiff fails to state a claim for negligence per se or gross negligence per se.

      6.    <u>Money Had and Received</u>

Plaintiff has also asserted a claim for "money had received." (Orig. Pet. ¶ 89.) A claim for money had and received is described as follows:

> The question, in an action for money had and received, is to which party does the money, in equity, justice, and law, belong. All plaintiff need show is that defendant holds money which in equity and good conscience belongs to him. Again, it has been declared that a cause of action for money had and received is less restricted and fettered by technical rules and formalities than any other form of action. It aims at the abstract justice of the case, and looks solely at the inquiry, whether the defendant holds money, which belongs to the plaintiff.

<u>Bank of Saipan v. CNG Fin. Corp.</u>, 380 F.3d 836, 840 (5th Cir. 2004). "A cause of action for money had and received belongs conceptually to the doctrine of unjust enrichment." <u>Amoco Prod. Co. v. Smith</u>, 946 S.W.2d 162, 164 (Tex. App. 1997). "Unjust enrichment is not an independent cause of action but rather characterizes

the result of a failure to make restitution of benefits under circumstances which give rise to an implied or quasi-contractual obligation to return the benefits."  Id. "The implied contract action for money had and received is a cause of action for debt not evidenced by a writing."  Id.

Essentially, it appears that Plaintiff's argument is that Defendants owe her the monthly mortgage payments made pursuant to the mortgage.  This claim in predicated on her assertions that Defendants were not entitled to foreclose. Plaintiff simply alleges:

> Defendants hold money and property that in equity and good conscience belong to Plaintiff.  As a result of Defendants' wrongful actions and misrepresentations, Plaintiff has mistakenly sent monthly mortgage payments to Defendants.  Defendants have wrongfully foreclosed on Property owned by Plaintiff.  The money and property belong to Plaintiff in equity and good conscience.

(Orig. Pet. ¶ 91.)  First, however, Plaintiff was under an obligation pursuant to the Note and Deed of Trust make monthly mortgage payments.  Second, as discussed above, the state court granted summary judgment in favor of Defendants, concluding Defendants "produc[ed] all evidence necessary to prove their claim of foreclosure and sale of the Property."  (Dkt. # 7, Ex. 4.)  The court ordered that Defendants had "all right, title, interest and possession in and of the Property," and were "entitled to an order to proceed with foreclosure of the secured Property . . . ."  (Id.)

For the reasons discussed above, this December 2009 state court Final

Judgment is given preclusive effect and Plaintiff's claim for money had and received, to the extent it is predicated on allegedly invalid assignments or invalid transfers into the PSA that occurred prior to the state court judgment, are barred. Moreover, to the extent her money had and received claim is based upon any other event occurring after the state court judgment, for the reasons discussed in this order, all of her claims fail and thus, any claim for money had and received predicated on these claims also fails.  See Wells v. JP Morgan Chase Bank, Nat'l Ass'n, No. H-12-1792, 2014 WL 69883, at *4 (S.D. Tex. Jan. 8, 2014) ("Plaintiffs have failed to present evidence creating a genuine issue of fact as to whether Defendant WF's foreclosure on their property s improper.  Given this failure, Plaintiff's clams for quiet title and money had and received . . . cannot survive summary judgment.").   Plaintiff's claim for money had and received is dismissed.

7.    Wrongful foreclosure

Defendants argue that Plaintiff cannot state a claim for foreclosure because she has not alleged a "grossly inadequate selling price."  (Dkt. # 7 at 32.)

In order to prevail on a wrongful foreclosure claim, a plaintiff must prove three elements: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price.  Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n, 509 F. App'x 367, 369 (5th Cir. 2013) (citing Sauceda v. GMAC Mortg.

29

Corp., 268 S.W.3d 135, 139 (Tex. App. 2009)).

In her original petition, Plaintiff alleges the following in support of her wrongful foreclosure claim:

> Plaintiff will show that BOA's non-judicial foreclosure is and was wrongful, and would permit BOA to perpetuate a course of wrongful conduct.  Such sale is wrongful by virtue of non-compliance with applicable Texas statutory provisions; by virtue of BOA violations of TDCA and DTPA and at common law.  Further, such foreclosure is wrongful because, Plaintiff will show that BOA's foreclosure sale was defective in the fact that Plaintiff was not afforded the statutory notices pursuant to Texas law or the notices required in the Deed of Trust, Plaintiff asks that the Court find that the actual foreclosure exercised on January 7, 2014, is wrongful and temporarily restrain BOA from any eviction or forcible detainer action against Plaintiff and then enjoin any actions taken pursuant thereto, and award Plaintiff her damages as otherwise detailed herein.

(Orig. Pet. ¶ 105.)

Plaintiff has not alleged a grossly inadequate selling price, much less a causal connection between the defect and the grossly inadequate selling price; accordingly, she fails to state a claim for wrongful foreclosure.  Plaintiff's wrongful foreclosure claim is dismissed.

8. <u>Trespass to Real Property</u>

Defendants argue that Plaintiff fails to state a claim for trespass to real property because (1) it is barred under the economic loss rule, and (2) she does not allege facts supporting the elements of a trespass to real property claim.

To state a claim for trespass to real property a plaintiff must allege:

30

(1) she owned or had a lawful right to possess real property; (2) the defendant

entered her land, and the entry was physical, intentional and voluntary; and (3) the

defendant's trespass caused the injury to the plaintiff's right of possession.  Wilen

v. Falkenstein, 191 S.W.3d 791, 798 (Tex. App. 2006).

> In her original petition, Plaintiff asserts she

> meets the elements of this cause of action for trespass to real property
> as she at the time of the wrongful foreclosure: (i) owned the Property
> and had a lawful right to possess the Property; (ii) BOA's entry of the
> Property was physical, intentional, and voluntary; and (iii) the BOA's
> trespass has caused injury to Plaitniff['s] right of possession of the
> Property.

(Orig. Pet. ¶ 111.)  Here, Plaintiff has done nothing more than recite the formulaic

elements of a cause of action.  See Twombly, 550 U.S. at 556–57.  Moreover, to

the extent her trespass to real property claim is predicated on her wrongful

foreclosure claim, that claim, for the reasons stated above, is dismissed.  Plaintiff

has not pled sufficient facts to state a claim for trespass to real property that is

plausible on its face and, thus, that claim is also dismissed.

### 9.    Declaratory Judgment and Request for Injunctive Relief

A request for declaratory judgment is "merely a theory of recovery"

for a cause of action.  Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.,

Ltd., 99 F.3d 746, 752 n.3 (5th Cir. 1996).  Because Plaintiff has failed to allege a

cause of action under any substantive claim, her request for declaratory judgment

also fails.  See Hurd v. BAC Home Loans Servicing, LP, 880 F. Supp. 2d 746, 769

(N.D. Tex. 2012) (converting a request for relief under the Texas Declaratory

Judgments Act into an action brought under the federal Declaratory Judgment Act

after removal, and holding that the availability of a declaratory judgment depends

on the existence of a valid claim).  Accordingly, Plaintiff's request for a

declaratory judgment fails.

        Further, to the extent Plaintiff requests injunctive relief that claim also

fails.  To obtain a preliminary injunction, a plaintiff must demonstrate, among

other things, a likelihood of success on the merits of his or her claim.  See Harris

Cnty. v. CarMax Auto Superstores, Inc., 177 F.3d 306, 312 (5th Cir. 1999).

Because Plaintiff has not pleaded a viable cause of action, she cannot make this

showing, and her request for injunctive relief fails.  See Pajooh v. Harmon, 82 F.

App'x 898, 899 (5th Cir. 2003) (affirming the district court's denial of injunctive

relief when plaintiff failed to state a claim).

II.    Motion for Leave to File Supplemental Complaint

        Plaintiff filed a Motion for Leave to File a Supplemental Complaint

nearly three months after Defendants' Motion to Dismiss was filed and

approximately three weeks prior to the scheduled hearing on the Motion to

Dismiss.  (Dkt. # 15.)

        Rule 15(d) governs supplemental pleadings.  An amended complaint

supersedes and takes the place of an original complaint.  King v. Dogan, 31 F.3d

344, 346 (5th Cir. 1994).  Thus, an amended complaint should be a complete

complaint which supersedes and replaces all previous statements of plaintiff's

claims.  Id.  Instead of filing a superseding complaint, Plaintiff seeks to supplement

her original petition with the following facts:

> DEED OF TRUST WAS VOID
> 2.) The Deed of Trust filed of record in this case is fraudulent and
> should be set aside and the foreclosure declared wrongful.  The Deed
> of Trust indicates Plaintiff appeared in Dallas County, Texas to
> execute such Deed.  In fact, the Deed of Trust was executed at a
> Starbucks coffee house in San Antonio and Plaintiff never appeared in
> front of any notary.
> 3.) The Defendant added the notary seal and affidavit to the document
> AFTER the Deed of Trust was executed.  That addition changed the
> document making it a void document.
>
> VIOLATION OF TEXAS CIVIL PRACTICES AND REMEDIES
> CODE 12.002.
> 4.) The representation filed in the Bexar County Deed Records
> indicates the Deed of Trust was executed by Plaintiff in front of a
> notary.  This is a false representation made by the lender and the fact
> the lender added a false representation to the Deed makes the Deed
> void.  Additionally, this Deed was filed in the Real Property Records
> in violation of the Civil Practice & Remedies Code section 12.002.
>
> STATUTE OF LIMITATIONS
> 5.) Defendant accelerated the loan well prior to 2009 or would not
> have been entitled to an order of foreclosure from the District Court.
> The foreclosure is void because it was based on a void Deed of Trust
> and the Defendant is beyond the statute of limitations to exercise the
> power of sale in the Deed of Trust and Plaintiff seeks a Declaratory
> Judgment establishing the same.

(Dkt. # 15, Ex. A.)  Specifically, Plaintiff seeks a declaratory judgment

establishing:

1.) The Deed of Trust is void.
2.) The foreclosure based upon a void Deed of Trust is wrongful.
3.) That Texas Civil Practices and Remedies Code 12.002 has been violated.
4.) A Declaration that the Statue of Limitations bars Defendants from foreclosure and;
5.) Appropriate Damages and Attorneys fees.

(Id.)

Rule 15(d) governs supplemental pleadings and provides: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d). The facts that Plaintiff seeks to supplement her complaint with did not occur after the date of her original petition.  Plaintiff merely seeks to add additional "facts" regarding the circumstances surrounding the execution of the Deed of Trust. Accordingly, Plaintiff's Motion for Leave to Supplement does not fall within the purview of Rule 15(d) and her motion is **DENIED**.

CONCLUSION

For the reasons given, the Court hereby **GRANTS** Defendants'

Motion to Dismiss (Dkt. # 7) and **DENIES** Plaintiff's Motion for Leave to

Supplement Complaint (Dkt. # 15).  Plaintiff's claims are dismissed.

IT IS SO ORDERED.

DATED: San Antonio, Texas, October 27, 2014.

_____

David Alan Ezra
Senior United States Distict Judge

35