UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JEANNE S. BURGESS, | § | No. SA:14–CV–495–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| BANK OF AMERICA, N.A. and | § | |
| DEUTSCHE BANK NATIONAL | § | |
| TRUST COMPANY as Trustee of the | § | |
| New Century Home Equity Loan Trust, | § | |
| Series 2004-A, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is a Motion for Reconsideration of the Court's Order Granting Defendants' Motion to Dismiss and Denying Plaintiff's Motion for Leave to File Supplemental Complaint filed by Plaintiff Jeanne Burgess ("Plaintiff"). (Dkt. # 28.) Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After reviewing the Motion and the opposing memorandum, for the reasons that follow, the Court **DENIES** Plaintiff's Motion for Reconsideration. (Dkt. # 28.)

### BACKGROUND

On June 17, 2004, New Century Mortgage Corporation ("New Century") executed a home equity loan on 3142 Hidden Haven St., San Antonio,

1

Texas 78261 (the "Property"), loaning Plaintiff an extension of credit in exchange for a promise to pay $206,400.00 (the "Note"). ("Orig. Pet.," Dkt. # 1, Ex. A-1 ¶ 9.) The Note identified New Century Mortgage as Lender and was secured by a Security Instrument executed by Plaintiff ("Deed of Trust"), granting the Trustee power of sale in the Property. (Dkt. # 7, Ex. 1.)

Around March of 2007, Plaintiff suffered a "financial setback" and requested loan assistance from Defendant Bank of America, N.A. ("BOA"). (Orig. Pet. ¶ 11.) Plaintiff asserts that BOA instructed her that she could not make any payments during the loan process and, although she reapplied numerous times, BOA never sent her an approval or denial letter regarding the loan modification. (Id. ¶ 12.) Plaintiff alleges that at some point, despite "BOA's assurances to the contrary, BOA proceeded on foreclosing on Plaintiff's house." (Id.)

On October 27, 2008, Plaintiff filed suit in the 37th Judicial Court of Bexar County, Texas. On December 17, 2009, the state court entered a Final Judgment, finding that Defendants had vested and quieted title to the Property, and allowing Defendants to proceed with foreclosure. (Dkt. # 28 at 2.) On January 7, 2014, pursuant to the final judgment, Deutsche Bank sold the Property at auction. (Id. at 3.)

On April 18, 2014, Plaintiff filed her Original Petition in the 288th Judicial District Court of Bexar County, Texas, asserting causes of actions for

breach of contract, anticipatory breach of contract, violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), violations of § 12 of the Texas Civil Practice and Remedies Code, violations of the Texas Property Code, negligence per se, gross negligence per se, unjust enrichment, wrongful foreclosure, wrongful eviction, trespass to real property, and a request for declaratory judgment. (See Orig. Pet.) Defendants removed the action to this Court on May 30, 2014. (Dkt. # 1.)

On June 6, 2014, Defendants filed a Motion to Dismiss (Dkt. # 7), to which Plaintiff did not respond. On September 10, 2014, Plaintiff filed a Motion for Leave to File a Supplemental Complaint (Dkt. # 15), and on September 17, 2014, Defendants filed a Response (Dkt. # 16). On September 29, 2014, three days before the Court was set to hear oral argument on Defendants' Motion to Dismiss, Plaintiff filed a Motion for Leave to File a Response to Defendants' Motion to Dismiss. (Dkt. # 18.) The Court denied the Motion, and on October 1, 2014, Plaintiff filed a Motion for Reconsideration. (Dkt. # 20.) In her Proposed Response to Defendants' Motion to Dismiss, Plaintiff argued that the original Deed of Trust and the original substitute trustee's Deed provided an incorrect legal description of the Property. Plaintiff asserted that those documents stated that the Property began 2348.76 feet from the southwest corner when they should have stated that it began 248.76 feet from the southwest corner. Plaintiff alleged that the

3

error in the security instrument meant that the security instrument was invalid and therefore that Defendants had no right to foreclose on the Property. (Dkt. # 18, Ex. 1.) The Court postponed the hearing and ordered Defendants to respond to Plaintiff's new arguments, (Dkt. # 22), and on October 8, 2014, Defendants filed a supplemental memorandum in support of their Motion to Dismiss. (Dkt. # 23.)

On October 2, 2014, the Court heard oral argument on the Motion to Dismiss. On October 27, 2014, the Court entered an Order Granting Defendants' Motion to Dismiss and Denying Plaintiff's Motion for Leave to File Supplemental Complaint. (Dkt. # 26.) On November 24, 2014, Plaintiff filed the instant Motion for Reconsideration (Dkt. # 28) and on November 26, 2014, Defendants filed an Opposition to Plaintiff's Motion. (Dkt. # 29.)

## LEGAL STANDARD

"While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order." Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004). Whether a motion is considered under Rule 59(e) or Rule 60(b) depends on when it was filed. See id. "If the motion is filed within 28 days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion." Obersteller v. United States, No. A–13–CV–198–LY, 2013 WL 7138802, at *1 (W.D. Tex. July

19, 2013); see also Fed. R. Civ. P. 59(e).  Here, Plaintiff filed her Motion on the twenty-eighth day after the Court's Order was entered.  Therefore, the Court considers the Motion under Rule 59.  See Willis v. EAN Holdings, LLC, No. 3:12-cv-00760-BAJ-RLB, 2014 WL 6087029, at *1 (M.D. La. Nov. 13, 2014) (treating motion for reconsideration filed on the twenty-eighth day after the court's order as a motion made under Rule 59).

Federal Rule of Civil Procedure 59(e) permits a litigant to challenge the correctness of a judgment.  Three rationales can support a motion to alter or amend under Rule 59(e): (1) the judgment exhibits either "a manifest error of law or fact"; (2) the litigant wishes to present newly discovered evidence; or (3) "there has been an intervening change in the controlling law."  Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003) (quoting Rosenzweig v. Azurix Corp., 332 F.3d 854, 863–64 (5th Cir. 2003)).  "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"  Guy v. Crown Equip. Corp., 394 F.3d 320, 325 (5th Cir. 2004).  Accordingly, a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," and instead is an "extraordinary remedy that should be used sparingly."  Templet v. HydroChem Inc., 367 F.3d 476, 479 (5th Cir. 2004).

DISCUSSION

Plaintiff asks the Court to reconsider its holding that the correction deed did not invalidate the foreclosure. (See Dkt. # 28.) In the Order Granting Defendants' Motion to Dismiss, the Court noted that under Texas law, "a correction deed may be used to correct a defective description of a single property when a deed recites inaccurate metes and bounds." Myrad Props., Inc. v. LaSalle Bank Nat'l Ass'n, 300 S.W.3d 746, 750 (Tex. 2009) (citing Doty v. Barnard, 47 S.W. 712, 713 (Tex. 1898)). Furthermore, a correction deed relates back to and becomes effective as of the time of the instrument it purports to correct. Id. (citing Wilson v. Dearing, Inc., 415 S.W.2d 475, 479 (Tex. App. 1967)). Thus, the Court held that the correction deed purporting to correct the inaccurate recitation of metes and bounds in the original Deed of Trust and the substitute trustee's Deed was valid and related back to when the originals were recorded. (Dkt. # 26 at 15–16.)

In her Motion for Reconsideration, Plaintiff argues that the foreclosure was void under the Texas Supreme Court's holding in Myrad Properties, Inc. v. LaSalle Bank National Association, 300 S.W.3d 746 (Tex. 2009), and Texas Property Code § 5.027(b). (Dkt. # 28 at 7.) Plaintiff claims that because Deutsche Bank did not hold a valid security instrument, it did not have the right to foreclose on the Property. (Id.) In Myrad, the Texas Supreme Court

6

considered the question of whether a correction deed may convey two properties when an unambiguous deed mistakenly conveys a single property. 300 S.W.3d at 748. The Supreme Court noted that under Texas law, parties may use correction deeds in "limited circumstances," including correcting an erroneous description of a single property where the deed recites inaccurate metes and bounds. Id. at 750. However, the Supreme Court further stated that "using a correction deed to convey an additional, separate parcel of land is beyond the appropriate scope of a correction deed." Id. Thus, the Supreme Court held that a correction deed cannot convey additional, separate properties not described in the original deed. Id.

As Defendants correctly point out, the issue in Myrad was different from the issue presented in this case. Here, the original Deed had an inaccurate description of the Property's metes and bounds, which the correction deed rectified. This is precisely the sort of permissible correction described by the Supreme Court in Myrad. See 300 S.W.3d at 750. Thus, the Court finds that Myrad does not compel a finding that the correction deed in this case was invalid. Nevertheless, Plaintiff argues that if a deed of trust could be corrected after foreclosure, then "anyone could foreclose using any legal description and then use a correction [deed] to establish ownership of a different property." (Dkt. # 28 at 5.) However, that is not what happened in this case. Here, the original Deed did not describe a different property; it simply contains an extra digit in the metes and

7

bounds description of the Property. The Deed and the correction deed do not purport to convey different or separate properties, as prohibited by Myrad.

For the same reason, Plaintiff's reliance on Texas Property Code § 5.027(b) is also misplaced. That section provides:

> A correction instrument may not correct an ambiguity or error in a recorded original instrument of conveyance to transfer real property or an interest in real property not originally conveyed in the instrument of conveyance for purposes of a sale of real property under a power of sale under Chapter 51 unless the conveyance otherwise complies with all requirements of Chapter 51.

Tex. Prop. Code § 5.027(b). Like the Myrad holding, this section simply confirms that a correction deed may not transfer or convey interest in real property that is separate and distinct from the property described in the original deed. Because the correction deed and the original Deed in this case do not describe two different properties, this section likewise does not invalidate the correction deed.

For these reasons, the Court finds that Plaintiff has not met her burden of showing that the Court's Order Granting Defendants' Motion to Dismiss exhibits a manifest error of law, and the Court **DENIES** Plaintiff's Motion for Reconsideration. The Court lastly notes that the title of Plaintiff's Motion—"Motion for Reconsideration of Order Granting Motion to Dismiss and Order Denying Motion for Leave to File Supplemental Complaint"—suggests that Plaintiff also asks the Court to reconsider the portion of its Order denying her Motion for Leave to File a Supplemental Complaint. However, because Plaintiff

has presented no argument as to that ruling, the Court declines to reconsider that section of the Order.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Plaintiff's Motion for Reconsideration.  (Dkt. # 28.)

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, May 7, 2015.

_____
David Alan Ezra
Senior United States Distict Judge